**O**

**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| CHRIS LANGER,<br><br>        Plaintiff,<br><br>    v.<br><br>ROCLAR COMPANY; WALDORF RESTAURANT GROUP CENTINELA, LLC dba BURGER KING #2223,<br><br>        Defendants. | Case No. 2:14-cv-01623-ODW(AJWx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION [11]** |

Plaintiff Chris Langer filed the Complaint in this action on March 5, 2014, for violations of the Americans with Disabilities Act ("ADA") and related state-law claims. On April 15, 2014, Defendants Roclar Company and Waldorf Restaurant Group Centinela, LLC filed the present Motion to Dismiss for Lack of Subject-Matter Jurisdiction. (ECF No. 11.) Having carefully considered the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument and took the Motion under submission as of May 12, 2014.[1] Fed. R. Civ. P. 78; L.R. 7-15.

---

[1] On April 18, 2014, this Court struck the declarations filed in support of the Motion and ordered Defendants to file new declarations in their Reply. (ECF No. 16.) As a result, the Court gave Plaintiff an opportunity to file a sur-reply by May 12, 2014. However, Plaintiff's Sur-Reply was untimely and the Court will not consider it for the purposes of adjudicating this Motion.

According to the Complaint, Plaintiff visited a Burger King restaurant owned and operated by Defendants in November 2013. (Compl. ¶ 8.) During the visit, Plaintiff alleges that he encountered barriers in the restaurant parking lot that do not comply with handicap accessibility requirements under the ADA. (*Id.* ¶¶ 10–15.) In their Motion, Defendants argue that this Court should dismiss Plaintiff's claims because Plaintiff's ADA claim is moot. Defendants point out that the alleged ADA violations in the parking lot have been fixed and the only remedy under the ADA is injunctive relief. Moreover, Defendants argue that since the ADA claim is the only asserted basis for this Court's subject-matter jurisdiction, the Court should also dismiss Plaintiff's state-law claims for lack of subject-matter jurisdiction.

The ADA only offers injunctive relief. 42 U.S.C. §§ 12101 *et seq.*; *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). Standing to seek injunctive relief depends on establishing a likelihood of suffering future injury. *City of L.A. v. Lyons*, 461 U.S. 105 (1983). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The Court "need not presume the truthfulness of the plaintiffs' allegations." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Further, the Court may look beyond the complaint "without having to convert the motion into one for summary judgment." *Id.* If the movant presents a factual basis to defeat subject-matter jurisdiction, the opposing party must furnish evidence to meet "its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

Here, Defendants have provided declarations to support their argument that Plaintiff cannot pursue his claim under the ADA based on mootness. A Certified Access Specialist ("CASp") inspected the restaurant at issue in this case on February 18, 2014, including the "accessible routes to and from site arrival points." (Deppe Decl. ¶¶ 1, 6.) After the inspection, the CASp certified the restaurant as compliant with the ADA's accessibility requirements. (*Id.* ¶¶ 2, 6–9.) In his Opposition,

Plaintiff disputes that the CASp inspected the parking lot but offers no declarations or evidence to support subject-matter jurisdiction. (ECF No. 18.) Instead, Plaintiff cites to inapplicable summary-judgment standards and contends that, even if the parking lot is now ADA compliant, the issue is not moot because it could become non-compliant at some indeterminate time in the future. (*Id.*)

The Court finds that Plaintiff cannot meet his burden to support subject-matter jurisdiction under the ADA. Defendants' evidence in support of the Motion is well taken, while Plaintiff's Opposition merely grasps at straws. The plain language of the phrase "accessible routes to and from site arrival points" includes the parking lot. Plaintiff has offered no evidence to contradict the phrase's plain meaning or any evidence that the parking lot remains non-compliant. *See Savage*, 343 F.3d at 1040 (stating that "the party opposing [a factual motion to dismiss under Rule 12(b)(1)] must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction"). Plaintiff is unable to allege a risk of future injury because the alleged barriers in the restaurant's parking lot have been cured. Thus, the remedy of injunctive relief under the ADA is moot. Furthermore, the Court cannot exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. *See* 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) ("[S]upplemental jurisdiction cannot exist without original jurisdiction.").

Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction is **GRANTED** in its entirety. (ECF No. 11.) The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

May 14, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**